NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| SUDESH and SUREHKA MEHTA, | : | **Hon. Dennis M. Cavanaugh** |
| STEVEN PINKNEY, | : | |
| | : | **OPINION** |
| Plaintiffs, | : | |
| | : | Civil Action No. 09-298 (DMC) |
| v. | : | |
| | : | |
| THE CITY OF JERSEY CITY, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Sudesh K. Mehta, Surekha Mehta and Steven Pinkney (collectively "Plaintiffs") for reconsideration of this Court's February 19, 2009, Opinion and Order dismissing Plaintiffs case with prejudice. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, Plaintiffs' motion for reconsideration is **denied**.

## I.    STANDARD OF REVIEW

Motions for reconsideration in this district are governed by L. Civ. R. 7.1(i).  See U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  Local Rule 7.1(i) requires that a movant submit "concisely the matter or controlling decisions which the party believes the [Judge] has overlooked."  L. Civ. R. 7.1(i).  A motion pursuant to Local Rule 7.1(i) may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest

injustice.  Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J.

1993).  Such relief is "an extraordinary remedy" that is to be granted "very sparingly."  See NL

Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). Local Rule 7.1(i)

does not contemplate a recapitulation of arguments considered by the Court before rendering its

original decision.  See Bermingham v. Sony Corp. Of Am., Inc., 820 F. Supp. 834, 856 (D.N.J.

1992), aff'd, 37 F.3d 1485 (3d Cir. 1994).  In other words, a motion for reconsideration is not an

appeal.  It is improper on a motion for reconsideration to "ask the court to rethink what it ha[s]

already thought through - rightly or wrongly."  Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.,

744 F. Supp. 1311, 1314 (D.N.J. 1990)).

II.     DISCUSSION

Plaintiffs seek reconsideration of this Courts February 19, 2009, Opinion dismissing

Plaintiffs claim with prejudice.  Plaintiffs argue that their claim is not barred as frivolous and/or

malicious under 28 U.S.C. 1915(e)(2)(B), or the statute of limitations because they timely responded

to the trial courts dismissal of Plaintiffs claim by filing an order to vacate the dismissal.

This Court dismissed Plaintiffs Complaint because the dispute was the subject of prior

litigation and was barred by the statute of limitations.  Plaintiffs motion for reconsideration does not

provide any new evidence that their claim is not barred by 28 U.S.C. 1915(e)(2)(B). Plaintiffs appear

to misunderstand the statute of limitations issue.  The two year statute of limitations pertaining to

Plaintiffs 42 U.S.C. § 1983 claim began to run when the property was taken by condemnation in

2001.  See Wilson v. Garcia, 471 U.S. 261, 276-78 (1985); Rolax v. Whitman, 175 F. Supp. 2d 720,

725 (N.J. D. 2001) (citing N.J.S.A. § 2A:14-2).  Plaintiffs did not bring this action until 2009, and

did not allege any facts that would toll the statute of limitations.  Accordingly, Plaintiffs claim is

barred by the statute of limitations.  Plaintiffs' motion for reconsideration does not cite an

intervening change in the controlling law nor does it cite any evidence that has become available which was not previously available.  Plaintiffs motion for reconsideration does not identify any instances of clear error or assert that the Court's determination will result in manifest injustice. Accordingly, Plaintiffs motion for reconsideration is **denied**.

## III.   CONCLUSION

For the reasons stated, it is the finding of the Court that Plaintiffs' motion for reconsideration is **denied**.  An appropriate Order accompanies this Opinion.

                                                       S/ Dennis M. Cavanaugh
                                                       Dennis M. Cavanaugh, U.S.D.J.

Date:            August  26 , 2009
Orig.:           Clerk
cc:              All Counsel of Record
                 Hon. Mark Falk, U.S.M.J.
                 File